UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES A. BOYD,

                Plaintiff,

v.

CORRECTIONAL OFFICER SPEARS,

                Defendant.

No. C09-5408BHS-KLS

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72. The case is before the Court upon plaintiff's filing of a motion to compel defendant to pay the cost for failure to accept or waive service of the summons and complaint. (Dkt. #6). After reviewing plaintiff's motion, defendant's response thereto and the balance of the record, the Court finds and ORDERS as follows:

In his motion, plaintiff states that he served the summons and complaint on defendant via certified mail through the United States Postal Service on July 15, 2009.[1] Plaintiff further states in relevant part as follows:

> Defendant Spears received Plaintiff's summons, complaint and notice of service and waiver, with a postage paid envelope, then signed the green postal return card, then contemplated before deciding to black out his

---

[1] Because plaintiff has paid the Court filing fee, he has not been granted *in forma pauperis* status, and therefore is responsible for serving the summons and complaint. The Court notes that in an order dated July 27, 2007, service of the summons and complaint via the United States Marshal was directed due to plaintiff being granted such status. (Dkt. #5). Given plaintiff's payment of the filing fee, however, that order clearly was issued in error, and, as such, service by the United States Marshal should not have been directed. Accordingly, ensuring proper service of the summons and complaint remains the responsibility of plaintiff in this case.

ORDER - 1

> signature with a black marker, and finally returned all legal documents
> Plaintiff's summons, complaint and notice of service and waiver, with a
> postage paid envelope to the Plaintiff by institutional mail, eliminating the
> completion of Plaintiff's process of service upon Defendant Spears, and
> eliminating any chance of proper waiver of notice. . . .

(Dkt. #6, p. 3). Because defendant failed "to accept and waive notice of service," plaintiff asks this Court to assess defendant with the costs of service, and to compel defendant to answer the complaint within 30 days. (Id.).

Defendant does not dispute plaintiff's version of events concerning his attempt to effect service of the summons and complaint. Rather, defendant notes that pursuant to Fed. R. Civ. P. 4(d)(1)(F), the plaintiff must "give the defendant a reasonable time of at least 30 days after the request [for waiver of service] was sent . . . to return the waiver." Defendant thus requests that the Court deny plaintiff's motion on this basis.

The Court agrees that plaintiff's motion is premature. While it may be that defendant did as plaintiff asserts, that is return all of the legal documents sent to him, it is not clear defendant yet intends to refuse to timely respond to the waiver of service. At the time plaintiff filed his motion to compel with this Court, some 19 days were left – assuming he received the waiver of service on July 15, 2009 – in which defendant could respond to the waiver. Indeed, defendant still has another two days in which to do so. Thus, for all of the foregoing reasons, plaintiff's motion to compel (Dkt. #6) hereby is DENIED.

The clerk is directed to send a copy of this Order to plaintiff and counsel for defendant.

DATED this 12th day of August, 2009.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 2